## DeWitt, Guardian Ad Litem, et al. v. Fugate, Trustee, et al.

(Decided September 27, 1911.)

### Appeal from Logan Circuit Court.

Infant Remainderman—Debts of Life Tenant—Application of Corpus of Estate to Payment of.—Where an estate is devised to one for life with remainder to his infant children, the chancellor has no power to apply the present cash value of the life tenants interest on any portion of the estate to the payment of the life tenants debts.

I. G. MASON, CHAS. H. MORRIS for appellants.

BROWDER & BROWDER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

By her will, dated March 11th, 1882, and which was afterwards probated and recorded in Logan County, Kentucky, Eliza J. Bowling devised all of her property to Albert M. Angel and his wife, Lizzie B. Angel, for life, with remainder to their children, subject to a charge in favor of the mother of the testatrix. The Angels had six children, one of whom died prior to the death of Albert M. Angel. The estate owned by Mrs. Bowling consisted of a little over $9,000; $3,000 was invested in a store house and lot in Adairville, and $6,000 in a farm consisting of about 100 acres which is located in Logan County. At the time of the institution of this suit there was in the hands of M. L. Fugate, trustee for the infant defendants, $458.51 in cash. On August 22nd, 1902, Al-

bert M. Angel and his wife, Lizzie J. Angel, mortgaged their life interest in the 100 acres of land to one R. H. Fugate, for the purpose of securing a loan of $1,000 made to them on that day. At the time of the institution of this action the mortgage debt amounted to about $800.

This action was brought by Lizzie J. Angel and M. L. Fugate, trustee, against the mortgagee, R. H. Fugate, and the five infant children of Albert M. Angel and Lizdie J. Angel. The purpose of the action was to have the $458.51 in the hands of M. L. Fugate, trustee, applied to the payment of the mortgage debt incurred by Albert M. Angel and Lizzie J. Angel. The guardian ad litem who had been appointed by the court interposed a demurrer to the petition on behalf of the infant children. This demurrer was sustained. Thereupon plaintiffs amended their petition and charged that the present cash value of Lizzie J. Angel's life estate in and to the fund of $458.51 then in the hands of M. L. Fugate, trustee, was $311.05, and that her one-twelfth undivided interest in said fund, derived from her infant child who died, amounted to $38.20. The guardian ad litem demurred to the amended petition. This demurrer was overruled. Thereupon the court entered judgment by which he directed that the $311.05, being the present cash value of Lizzie J. Angel's life estate in the fund of $458.51, and that the further sum of $38.20, being an undivided one-twelfth interest of Lizzie J. Angel in and to said fund, the two together amounting to $349.25, should be paid to the mortgagee, R. H. Fugate, and credited on the note then held by him. Plaintiffs' attorneys were allowed a fee of $15, and the guardian ad litem a fee of $15. The judgment further provided that $109.26, being the balance in the hands of the trustee after deducting the aforesaid sum of $349.25, when paid over should be applied as a further payment on the R. H. Fugate note. The court also authorized the parties to apply not more than $100 of the annual rental of the farm to the gradual extinguishment of the mortgage debt. From that judgment the guardian ad litem, in behalf of the infant defendants has prosecuted this appeal.

We have no doubt of the good faith of the parties to this action, and are confident that the purpose of the action was to prevent the infant defendants from being deprived of a home in the event the mortgagee saw fit

to foreclose his mortgage on Lizzie J. Angel's life interest. The chancellor gave his approval to the plan and entered the judgment in the evident belief that it would best protect the rights of the infants. In our opinion, however, the chancellor has no power to apply any portion of the corpus of an estate, in which infants have a remainder interest, to the payment of the debt incurred by one who has a life interest in the fund proposed to be thus applied. The life tenant is entitled only to the income from such fund. The infant remaindermen are entitled to have the corpus of the fund transmitted to them unimpaired. If the life tenant's cash interest in the fund in question could be applied to the debt, then for the same reason a portion of the real estate might be sold and the proceeds applied the same way; and if the present debt due by the life tenant can be extinguished in this manner there is no reason why the life tenant may not incur additional debts and have the corpus of the estate applied in the same way to the payment of these debts, and thus reduce the estate until there is practically nothing coming to the infant defendants. Even the possibility that the plan proposed might in the case before us work out to the advantage of the infant defendants is not sufficient to justify us in establishing a rule by which an infant remainderman's property could be subjected to the debts of the life tenant, and thus run the risk of seriously impairing the estate which would eventually come to the infant.

As the case is before the chancellor he may, upon proper application by the parties in interest, direct that a certain portion of the farm be rented out and that a certain part of the rent be applied to the extinguishment of the mortgage debt. In this way he may protect the infant defendants in the enjoyment of their home, and at the same time provide for the extinguishment of the debt in a manner that will not make the infants' remainder interest liable for the debts of the life tenant.

Judgment reversed and cause remanded for further proceedings consistent herewith.